**IN THE COURT OF APPEALS OF IOWA**

No. 17-0520
Filed June 7, 2017

**IN THE INTEREST OF C.C.,**
**Minor Child,**

**W.C., Mother,**
　　Appellant.

_____

Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor, District Associate Judge.

Mother appeals from a dispositional review order.  **AFFIRMED.**

J. David Zimmerman, Clinton, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Brian P. Donnelly of Mayer, Lonergan & Rolfes, Clinton, guardian ad litem for minor child.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.  Tabor, J., takes no part.

**MCDONALD, Judge.**

A mother challenges a dispositional review order continuing the out-of-home placement of her child, C.C.  We affirm.

The child was initially removed from the mother's care in September 2016. *See In re C.C.*, No. 16-1678, 2017 WL 104969, at *1–2 (Iowa Ct. App. Jan. 11, 2017).  A subsequent review hearing was held in March 2017.  The department of human services recommended the child remain in the out-of-home placement.  In response, counsel for the mother asserted, "[The mother] would very much like to have [C.C.] back home.  However, she realizes that he's doing well and would support the recommendations in the case plan."  The mother presented no evidence.  At the conclusion of the hearing, the court stated it understood continuing the placement "is not what Mom wants" but determined doing so was in the child's best interest and ordered the existing placement to continue.  The mother now challenges that determination.

The State argues the mother has not preserved error.  We agree.  *See In re K.R.*, No. 16-1129, 2016 WL 4803911, at *2 (Iowa Ct. App. Sept. 14, 2016) (finding insufficient to preserve error father's statement he "would like to see" the children come home "[i]n the future . . . but not today").  The mother "support[ed] the recommendations" and did not present any evidence or otherwise challenge the continuing placement.  Error was not preserved.  *See In re T.J.O.*, 527 N.W.2d 417, 420 (Iowa Ct. App. 1994) ("As a general rule, an issue not presented in the juvenile court may not be raised for the first time on appeal.").

**AFFIRMED.**